## A93A1408. JOHNSON v. THE STATE.
## A93A1409. HALL v. THE STATE.
(435 SE2d 458)

BIRDSONG, Presiding Judge.

Michael Renard Johnson and Nicholas Fitzgerald Hall were tried jointly for armed robbery and possession of a firearm during the commission of certain crimes, but were convicted only of armed robbery. A grocery store in Augusta was robbed in November 1991, by two other defendants, Bradford and Coleman, who entered the store after appellants Hall and Johnson, separately, had gone in the store. Hall first went in, purchased a small item, "looked around," and left. Soon after, Johnson entered the store and raised the owner's suspicions by constantly looking around the store and waiting until the only other customer left before approaching the counter. Because of his suspicions, the owner locked his ice chest and followed Johnson outside. He saw Hall driving a yellow Pontiac with another man in the car, backing out of the parking lot. He heard one of the two men in the car yell, "That's him. Get him." Two other men (Coleman and Bradford) "instantly" started walking up on the side of the store. The owner followed them in the store. One of the men, Bradford, jerked the owner across the counter, put a cocked gun to his throat and said, "This is a stickup" and pushed the owner backwards. Coleman also produced a handgun and pointed it at the owner. Bradford and Coleman robbed the owner and fled. The owner followed and, with his

own handgun, shot Coleman. Coleman fell and then got up and ran down Phinizy Road. Two witnesses driving toward the store saw a yellow Pontiac sitting in the middle of Phinizy Road in the opposite lane. The witnesses could not tell whether it was backing up or was sitting without moving, but they saw its brake lights on. After the witnesses drove past the Pontiac, they heard two gun shots and then saw two men running toward the Pontiac. The witnesses drove into the store parking lot, saw the store owner with a gun, and then turned to see the Pontiac speed away. Shortly after, the yellow Pontiac, occupied by four men, arrived at a hospital. They told an attendant that Coleman had been shot on Twelfth Street in Augusta.

The day after the robbery appellant Hall was found driving a yellow Pontiac with a stolen license plate. Dried blood was found between the seats. Hall gave a statement admitting he was in the store and that he, Johnson, Bradford and Coleman had traveled together to the hospital, but denying knowing of the robbery until after Coleman was shot.

Appellant Johnson gave two pretrial statements in which he denied knowing about the robbery but admitted being at the grocery. At trial Johnson said he, Hall and Bradford had agreed to say Coleman was shot on Twelfth Street.

Coleman and Bradford pled guilty. Hall and Johnson, on appeal of their convictions, contend the trial court erred in refusing the requested charge as to the standard of proof in a case of circumstantial evidence, and erred in failing to give the "two theories" charge, to wit, that where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. *Held*:

1. The Supreme Court in *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) held that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." In light of that decision, a trial court positively invites reversal of a criminal conviction when it fails to give the circumstantial evidence charge whenever such a charge is requested, and sometimes when it is not requested or when the failure to give it is not objected to, if the failure to give it is clearly harmful and erroneous as a matter of law. Virtually every case contains some circumstantial evidence and, if the charge is not given, stands in danger of being reversed for clearly harmful and erroneous error. The charge is a fundamental principle of law as to criminal guilt and there is no reason not to give it; the State is not harmed by it and has no right to have it omitted. As it happens, however, we find the trial court's refusal to give the charge on circumstantial evidence in this case, although error, is not just cause to reverse the convictions. The evidence of guilt of both appellant Hall and appellant

Johnson was overwhelming; the evidence and all reasonable deductions therefrom were completely inconsistent with a reasonable hypothesis of innocence. To reverse the convictions would be a perversion of justice. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Carpenter v. State*, 167 Ga. App. 634, 641 (307 SE2d 19); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

The evidence against appellants Hall and Johnson was not entirely circumstantial; there was direct evidence of Hall and Johnson's knowing participation in the crime of armed robbery. Both Hall and Johnson separately "cased the scene" immediately prior to the robbery; they did not come in the store together although they were traveling in the same car. When the owner followed Johnson outside, he saw Hall and Johnson in the yellow Pontiac and heard one of them yell, "That's him. Get him." Upon this cry from the car occupied only by Hall and Johnson, the two armed robbers (Coleman and Bradford) "instantly" appeared as if from nowhere; they had not been in the car when the owner came outside and he did not see them until they "instantly" appeared after the cry from the Pontiac occupied by Johnson and Hall while their car was backing up to be ready to leave. While the robbery was taking place, Johnson and Hall, in the Pontiac, were sitting still in the middle of the road, according to eyewitnesses. After they heard the shots (when the owner shot Coleman), the witnesses saw Bradford and Coleman run toward the Pontiac which was sitting on ready in the road, occupied by appellants Hall and Johnson. All of this is consistent with a planned operation by all four co-actors and is inconsistent with a hypothesis of happenstance, inadvertence, or mere presence at the scene.

Generally the question whether a hypothesis is "reasonable" is for the jury (see *Harris v. State*, 236 Ga. 242, 244 (223 SE2d 643); *Gee v. State*, 146 Ga. App. 528 (246 SE2d 720)), and in determining this question, the defendants' explanations are taken into consideration insofar as they are consistent with the evidence. *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474). Although Hall and Johnson said they knew nothing of the robbery until after Coleman was shot, their separate conduct of examining the scene prior to the robbery, the shout of one of them to the armed robbers to "get him," and particularly their waiting in the middle of the road while Bradford and Coleman committed armed robbery in the store and before Coleman was shot, are inconsistent with their statements that they did not know of the robbery until after Coleman was shot. The evidence shows to the exclusion of every reasonable hypothesis save that of guilt that Johnson and Hall knowingly waited for Coleman and Bradford to "get" the owner and rob the store. Whether either Johnson or Hall yelled, "That's him. Get him," the other knowingly remained in

the Pontiac while the armed robbery was being committed, and remained in the car as it sat in the road waiting for the armed robbers to emerge. It cannot reasonably be explained why Hall and Johnson were sitting in their car in the middle of the road, if not to wait for the armed robbery to be committed and to be ready to flee. Hall was driving the getaway car, and it was Johnson's behavior in "casing the scene" which aroused the owner's suspicion and made him follow Johnson outside. There exists no reasonable hypothesis consistent with innocence. Accordingly, neither appellant was deprived of a fair trial by the failure to give the circumstantial evidence charge.

2. The "two theories" charge is improper where there is direct evidence (*General v. State*, 256 Ga. 393 (349 SE2d 701)); moreover, we have recently held that this statement of law does not accurately state the principle addressed and should never be given. *Langston v. State*, 208 Ga. App. 175 (430 SE2d 365); see *Burris v. State*, 204 Ga. App. 806 (420 SE2d 582). In any event, there were not "two theories" in this case, for under the evidence, there is not a reasonable theory consistent with innocence. The charge was unwarranted.

3. Moreover, Johnson was not entitled to the circumstantial evidence charge because he did not request it in writing, and its omission was not clearly harmful and erroneous under the evidence.

We find no cause to reverse these convictions for error under the overwhelming evidence in this case which excludes every reasonable hypothesis except that of appellants' guilt. *Hamilton*, supra; *Kirkland*; supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 18, 1993.

*Peter J. Flanagan*, for appellant (case no. A93A1408).
*Richard O. Ward*, for appellant (case no. A93A1409).
*Daniel J. Craig, District Attorney, J. Wade Padgett, Stacey R. Kasten, Assistant District Attorneys*, for appellee.