A94A1522. MATTHEWS v. THE STATE.
(446 SE2d 790)

McMURRAY, Presiding Judge.

Defendant Matthews was charged by indictment with two counts of theft by taking. Count 1 charged that defendant had unlawfully taken a 1992 Toyota Previa with the intention of depriving the owner of said property. Count 2 charged that defendant being in lawful possession of a 1992 Toyota Previa did unlawfully appropriate said property with the intention of depriving the owner of said property. A jury acquitted defendant of the charge stated in Count 1, but returned a guilty verdict as to Count 2. Defendant appeals the conviction, challenging the sufficiency of the evidence and the trial court's refusal to include a requested charge in the instructions to the jury. *Held*:

1. The State's evidence shows that defendant negotiated the rental of a van from American Rent-A-Car over the telephone. During these conversations, defendant represented that he was an employee of "AT&T" and that the rental was for that company. When defendant arrived at the rental agency to obtain possession of the van he wore an "AT&T" identification card and further represented that he was an employee of that corporation, providing the rental car company with a purchase order number which he represented to be from "AT&T" and signing a lease agreement which contained these representations. However, defendant was never an employee of "AT&T" or any of its direct subsidiaries.

After defendant departed with a van, he was repeatedly permitted to extend the term of the lease via telephone. After a window was broken in the van originally leased, that vehicle was returned to the rental car agency and replaced with a second vehicle under a second lease contract. The second lease contract was also extended via telephone calls by defendant to the rental car agency.

The final extension of the second contract was through April 16, 1992. The vehicle was not returned, no rental fee was ever paid, and defendant did not contact the rental car agency. On April 22, 1992, the rental car agency reported the van as possibly stolen. On April 30, 1992, police in Knoxville, Tennessee, investigating a van which had burned at a housing project found it to be the van which defendant had leased in Georgia and which had been reported stolen. Defendant was present at the scene and presented Knoxville police with the expired lease for the vehicle.

Although an employee of the rental car agency testified that one of the owners of the agency had verified a telephone number given

them by defendant as an "AT&T" number, verified the purchase order with "AT&T," and talked to defendant's supervisor, such did not preclude a jury determining that the information received by the owner was false and part of a fraud perpetrated upon the rental car agency. Similarly, evidence concerning telephone conversations by an employee of the rental car agency with a purported supervisor of defendant at "AT&T" concerning a check which had been placed in the mail but which was never received by the rental car agency could reasonably have been viewed by the jury as arising from a conspiracy to deprive the rental car agency of the use of the van. Finally, defendant's suggestion that confusion over the identity of his employers must have arisen because they were distributors of "AT&T" Alarm Systems, although not subsidiaries of "AT&T," could be viewed by the jury as a red herring in the same vein.

The jury's verdict of acquittal as to Count 1 represents a finding that there was no crime by defendant in acquiring possession of a van. Nonetheless, the jury was authorized to determine that defendant did not intend to pay any rental fee and that in retaining possession of the vans beyond the terms of the leases defendant intended to appropriate the vans with the intention of at least temporarily depriving the rental car agency of said property. The jury was authorized to conclude that the standard of proof provided under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) was satisfied in regard to Count 2. The trial court did not err in denying defendant's motion for directed verdict as to Count 2.

2. Defendant also enumerates as error the trial court's refusal to give the "two theories" charge, that is, that where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. However, this court has held that this statement of the law does not accurately state the principle addressed and should never be given. *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435 SE2d 458).

Also, the failure to charge in the exact language requested is not grounds for a new trial where the charge given substantially covers the same principles. The trial court did give ample instructions on circumstantial evidence, the presumption of innocence, and the necessity of proving defendant's guilt beyond a reasonable doubt. This enumeration of error is without merit. *Burris v. State*, 204 Ga. App. 806, 810 (3), 811 (420 SE2d 582).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 21, 1994.

*Gary V. Bowman & Associates, Gary V. Bowman,* for appellant.

*Robert E. Keller*, District Attorney, *Tracy G. Gladden*, *Nancy Trehub*, Assistant District Attorneys, for appellee.