A95A1619. LAWTON v. THE STATE.
(460 SE2d 878)

McMURRAY, Presiding Judge.

Defendant Lawton appeals his conviction of the offenses of criminal attempt to commit armed robbery, possession of a firearm during the attempt to commit certain crimes (i.e., during the attempt to commit an armed robbery, OCGA § 16-11-106), and possession of a firearm by a convicted felon. *Held*:

1. The first two enumerations of error raise issues as to the sufficiency of the evidence to authorize the conviction for criminal attempt to commit armed robbery and for possession of a firearm during the attempted armed robbery. The evidence viewed in the light most favorable to upholding the jury's verdict shows that defendant Lawton was the driver of the getaway car and that companions, McNeil and Sheppard, approached the victim with handguns and attempted to obtain money. The victim of the attempted armed robbery was able to observe the tag number of the getaway car as it sped away. The car was registered as defendant's and he along with McNeil and Sheppard were apprehended as they returned to defendant's residence a little over two hours after the robbery attempt. Two handguns were found in the car, one of which was matched with shell casings from shots fired during the robbery attempt.

Defendant maintains that the evidence shows no more than his presence at the scene of a crime and that there is no evidence of his participation in the commission of a crime. But this argument disre-

gards a portion of the State's evidence. Sheppard testified as to conversations in the car as the three drove to the site of the attempted robbery. The three companions discussed going to get some money and, while they were traveling towards a bank, they had no bank account or check. McNeil passed a handgun to Sheppard, moving it between the bucket seats occupied by defendant and Sheppard. Sheppard testified that the three men, including defendant, were in the car when the victim drove up and he was encouraged to "go ahead on," to rob him. After the attempted armed robbery, defendant drove rapidly from the scene. The jury was authorized to consider the conduct of defendant and his companions before and after the attempted armed robbery and infer defendant's criminal intent from these circumstances. *Hildebrand v. State*, 209 Ga. App. 507, 511 (4) (433 SE2d 443). While Sheppard was a less than enthusiastic and articulate witness, his testimony sufficiently demonstrates that between the three individuals in the car there had been stated an explicit purpose and intent to commit an armed robbery, and that defendant had not dissented from that goal. Also, the speed with which defendant drove from the scene supports an inference that such was done to avoid identification. The jury was authorized to convict defendant of criminal attempt to commit armed robbery.

There was also ample evidence of defendant's guilt of possession of a firearm during the attempt to commit an armed robbery. Defendant maintains that he never had possession of the handguns or even knew they were in the car. But defendant's knowledge of the guns may be inferred from the referenced evidence. Under a party to the crime theory, defendant was properly convicted even if he never had actual possession of a firearm. OCGA § 16-2-20; *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323); *Perkins v. State*, 194 Ga. App. 189, 190 (1) (390 SE2d 273).

The evidence presented at trial was sufficient to authorize a rational trier of fact to determine that defendant was guilty beyond a reasonable doubt of the offenses of criminal attempt to commit armed robbery, possession of a firearm during the attempt to commit certain crimes and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We thus conclude that the evidence was sufficient to authorize defendant's conviction of these crimes.

2. "Defendant also enumerates as error the trial court's refusal to give the 'two theories' charge, that is, that where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. However, this court has held that this statement of the law does not accurately state the principle addressed and should never be given. *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435

SE2d 458)." *Matthews v. State*, 214 Ga. App. 104, 105 (2) (446 SE2d 790).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 2, 1995.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.