A95A1566. HUDSON v. THE STATE.
(462 SE2d 775)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with 15 counts of various acts of sexual misconduct constituting crimes directed against minor boys. The trial court directed verdicts of acquittal as to two counts. The jury acquitted defendant on ten counts but found him guilty of three counts of sodomy orally committed against two fourteen-year-old boys between March and May 1991. Defendant's motion for new trial was denied, and this appeal followed. *Held:*

1. Defendant first enumerates the denial of his motion for new trial on the special ground of ineffective assistance of counsel. The specifications of allegedly unprofessional omissions are the failure to object to alleged "similar transactions" testimony from five other vic-

tims of defendant's sexual misconduct; the failure to employ available expert witnesses to determine whether defendant's accusers exhibited "symptoms of child sexual abuse accommodation syndrome"; the failure to object to certain testimony by an expert witness for the State; and, the failure to prepare character witnesses adequately.

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense that was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74). "In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188). "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with [the] client." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1), 79, supra.

(a) The evidence that defendant characterizes as impermissible "similar transactions" testimony was that of five witnesses who each testified that defendant attempted improper advances under the guise of filming a back massage for a class he was taking. Each time, defendant asked the boy to remove his trousers, so defendant could rub his legs and thighs. In one instance, defendant filmed a boy masturbating. This evidence originally had been excluded from the State's case-in-chief. Thereafter, defendant took the stand and testified on direct examination that he is "not a homosexual [and . . . has] never been a homosexual." He denied any sexual discussions or contact with any of his students. Over defendant's objection, the trial court permitted the State to introduce the previously excluded evidence of defendant's arguable sexual misconduct directed at other boys "as rebuttal testimony as it goes to the witnesses' testimony, not as similar transactions. There's a difference." At defendant's behest, the trial court agreed to "give the jury cautionary instructions for what pur-

pose [this evidence] is being admitted."

"Although 'a witness may be impeached by disproving the facts testified to by him,' OCGA § 24-9-82, a witness may not be impeached based upon a discrepancy relating to a wholly immaterial matter. [Cit.]" *Brown v. State*, 260 Ga. 153, 156 (4) (391 SE2d 108). In the case sub judice, this evidence of defendant's attempts to debauch other youths through the guise of a massage is not wholly irrelevant or immaterial to his "bent of mind and intent." *Rodgers v. State*, 261 Ga. 33, 35 (3) (401 SE2d 735). Accord *Roberson v. State*, 214 Ga. App. 208, 209 (3) (447 SE2d 640). It follows that defense counsel's unsuccessful attempt to exclude this relevant impeachment testimony "simply 'is not any evidence that trial counsel's conduct fell below that standard of reasonably effective assistance which members of the bar in good standing are presumed to render, as that right to effective assistance is protected by both the Georgia and (U. S. C)onstitutions. *Hill v. Balkcom*, 213 Ga. 58 (1) (96 SE2d 589) (1957).' *Shaw v. State*, 211 Ga. App. 647, 649 (2) (440 SE2d 245). Consequently, the trial court did not err in denying defendant's motion for new trial predicated upon this instance of allegedly ineffective assistance of counsel." *Johnson v. State*, 214 Ga. App. 77 (1), 79, supra.

(b) With respect to defendant's three remaining specifications, "[i]t is not necessary to address specifically and individually each and every one of these . . . instances of challenged trial tactics. It is sufficient to note that 'strategic choices (made) after thorough investigation . . . are virtually unchallengeable.' *Strickland*[ *v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674)]. [Cit.] The trial court [in the case sub judice] found, and the evidence supports the finding, that trial counsel thoroughly investigated the case and prepared for trial. [Defendant] has shown nothing that would demonstrate that his trial counsel failed to exercise reasonable professional judgment in [the] handling of [defendant's] case. See *Ferrell v. State*, 261 Ga. 115 (3) (401 SE2d 741) (1991)." *Stephens v. State*, 265 Ga. 120, 121 (2), 122 (453 SE2d 443). The fact that defendant and his present counsel now claim they would have conducted the trial differently does not establish the ineffectiveness of trial counsel. *Robinson v. State*, 210 Ga. App. 278, 279 (3), 280 (435 SE2d 718). This enumeration is without merit.

2. In his second enumeration, defendant contends the trial court erred in failing to charge "defendant's request to charge no. 10, and in failing to charge the principles set forth in O.C.G.A. § 24-4-6."

Defendant's written request to charge number 10 is for the "two theories" language, i.e., " 'that where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. However, this court has held that this statement . . . does

not accurately state the principle addressed [at OCGA § 24-4-6] and should never be given. *Johnson v. State,* 210 Ga. App. 99, 102 (2) (435 SE2d 458).' *Matthews v. State,* 214 Ga. App. 104, 105 (2) (446 SE2d 790)." *Lawton v. State,* 218 Ga. App. 309, 310 (2) (460 SE2d 878). Accord *Williams v. State,* 217 Ga. App. 636, 637 (2) (458 SE2d 671). Consequently, the trial court did not err in refusing to give this requested instruction. Furthermore, "[b]ecause there was some direct evidence of [defendant's] guilt and no [proper] request was made for a charge on circumstantial evidence, the trial court's failure to give an instruction in the language of OCGA § 24-4-6 was not error. *Barner v. State,* 263 Ga. 365 (1) (434 SE2d 484) (1993)." *Brooks v. State,* 265 Ga. 548, 549 (2) (458 SE2d 349).

3. The refusal to give defendant's fourteenth written request to charge is enumerated as error. This request contained the following language: "I charge you that it matters not how serious an offense is; if the party upon trial is not guilty, then it is your duty to acquit[, citing *Butler v. State,* 14 Ga. App. 446 (81 SE 370)]. I also charge you that a verdict is never demanded in a criminal case in favor of the State where the Defendant, in his testimony, denies his guilt[, citing *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48)]."

" 'The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is no longer a ground for new trial. [Cits.]' *Young v. State,* 226 Ga. 553, 556 (5) (176 SE2d 52)." *Brown v. State,* 214 Ga. App. 733, 736 (4) (449 SE2d 136). In the case sub judice, we have examined the trial court's instructions as a whole. The general instructions included the State's unalterable burden to prove the defendant's guilt beyond a reasonable doubt; that the credibility of any witness was solely for the jury to determine; and that the accused is not presumed to act with criminal intent. These general instructions were sufficient to address the legitimate substance of the requested instructions, such that the trial court's refusal to give defendant's written requests was not error. *Brown v. State,* 214 Ga. App. 733, 736 (4), supra.

4. The trial court correctly refused to allow two experts retained by the defense to testify that, in their professional opinions, defendant did not "fit the profile of a pedophile. This court has repeatedly held that such testimony is not admissible in Georgia. *Lewis v. State,* 212 Ga. App. 310, 311 (2) (441 SE2d 851) (1994); *Smith v. State,* 206 Ga. App. 557, 559 (2) (426 SE2d 23) (1992). 'From the extensive testimony and cross-examination of the various witnesses at trial, the jury, without the help of expert opinion, could have determined the credibility and truthfulness of all the witnesses and could have formed independent opinions as to the victims' truthfulness and the [defendant's] capability of performing the acts he was accused of. These determinations did not involve "unique and mysterious areas of

human response" necessitating expert testimony.' *Jennette v. State*, 197 Ga. App. 580, 582-583 (3) (398 SE2d 734) (1990)." *Gilstrap v. State*, 215 Ga. App. 180 (1) (450 SE2d 436).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995 —
RECONSIDERATION DENIED OCTOBER 4, 1995 — 

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellant.

*DuPont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.