A96A1529. SARTIN v. THE STATE.
(479 SE2d 354)

RUFFIN, Judge.

A jury found Timothy Sartin guilty of one count of aggravated child molestation and one count of aggravated sodomy. The trial court sentenced Sartin to 30 years for the aggravated child molestation and 20 years for the aggravated sodomy. Sartin appeals from the trial court's denial of his motion for new trial, asserting he was denied effective assistance of trial counsel. For reasons which follow, we affirm.

To establish ineffective assistance of counsel, Sartin "must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations and punctuation omitted.) *Minton v. State*, 205 Ga. App. 430, 431 (2) (422 SE2d 300) (1992). " 'The trial court's determination that [Sartin] has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' [Cit.]" *Hudson v. State*, 218 Ga. App. 671, 672 (1) (462 SE2d 775) (1995).

1. Sartin, who is represented by new counsel on appeal, first contends that his appointed trial counsel had a conflict of interest which rendered his assistance ineffective. It is undisputed that Sartin did not object to the trial court concerning the purported conflict.

To establish ineffective assistance of counsel due to a conflict of interest on the part of trial counsel, a defendant who raised no objec-

tion at trial must prove that counsel "actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." (Citations and punctuation omitted.) *Capers v. State*, 220 Ga. App. 869, 873 (2) (470 SE2d 887) (1996); *Meyers v. State*, 265 Ga. 149 (2) (454 SE2d 490) (1995).

In this case, trial counsel represented Sartin's former wife in their 1988 uncontested divorce. During the divorce, counsel drafted an agreement awarding custody of their children (not victims in this case) to Sartin's former wife and obligating Sartin to pay child support. Sartin asserts that because there is the *possibility* of future litigation with his former wife concerning child support, a conflict of interest existed.

Although trial counsel acknowledged representing Sartin's former wife in the divorce, he testified that he has handled approximately 2,000 cases in the eight years since the divorce and did not recall anything about the case. Trial counsel also testified that because the divorce occurred so long ago and was uncontested, he did not perceive any conflict with representing Sartin in this case.

Under these circumstances, Sartin has not shown that trial counsel had an actual conflict. Even if there is a possibility of future litigation concerning child support, " '[w]here the contention is only the possibility of conflict, this is insufficient to impugn a criminal conviction.' " *Angevine v. State*, 171 Ga. App. 658, 660 (4) (320 SE2d 578) (1984).

Moreover, if Sartin thought trial counsel had a conflict, he should have voiced his objection to the court before trial. " '[A] party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cits.]" *Noble v. State*, 220 Ga. App. 155, 158 (2) (469 SE2d 307) (1996).

2. Sartin asserts counsel was ineffective because he failed to object to certain testimony by a State's witness, a hospital caseworker who evaluated him for depression.

The caseworker testified on direct examination that during his initial interview, Sartin made "statements to the effect of saying, I don't know how I could have done such a thing." The caseworker then testified that he asked Sartin "what, specifically, are you referring to . . . [and Sartin replied]."that he had put his penis in the mouth of a daughter of his wife." Sartin characterizes the statement as an admission of the charges against him and contends that his attorney should have objected to the statement because it was made while he was in custody and there was no evidence he was advised that it might be used against him.

Pretermitting the question of whether counsel should have objected to the testimony, however, we find that there was not a reasonable probability that but for counsel's failure to object, the out-

come at trial would have been different. The caseworker did not state that Sartin admitted to the molestation, only that he did not understand how he could have done such a thing. Moreover, any ambiguity in the testimony was resolved during Sartin's cross-examination of the caseworker. The transcript shows that during cross-examination, the caseworker expressly stated that Sartin never admitted to committing the acts with which he was charged. The caseworker further clarified that when Sartin made the statement at issue, he was only telling the caseworker what he was charged with. In light of this testimony, the trial court's finding that Sartin was provided effective assistance in this instance was not clearly erroneous.

3. Sartin contends he was provided ineffective assistance because trial counsel failed to call certain witnesses. We disagree. The decisions regarding which witnesses to call are matters of trial strategy, and such tactical decisions are within the exclusive province of the lawyer after consultation with the defendant. *Hudson,* supra.

In this case, trial counsel testified that he did not call one of the witnesses, the victim's brother, because his testimony would have been cumulative of testimony already presented. Trial counsel further testified that he did not call the other witness, a psychologist, because it would have risked opening the door for evidence concerning past allegations of sexual misconduct involving Sartin. Under these circumstances, counsel's strategic decisions did not deprive Sartin of effective assistance of counsel. See id. at 673.

4. Sartin asserts trial counsel was ineffective because he failed to move for a directed verdict. Sartin contends that because the evidence of aggravated sodomy and aggravated child molestation was based on the same act of sodomy, the trial court should have directed a verdict as to one of the offenses. We disagree.

Although Sartin's premise is correct — that he may not be *convicted* of both aggravated sodomy and aggravated child molestation where both offenses are based on the same act of sodomy — we disagree that such rule requires the court to direct a verdict. See *Dobbins v. State,* 262 Ga. 161 (4) (415 SE2d 168) (1992). "When the same conduct of an accused may establish the commission of more than one crime, the accused may be *prosecuted* for each crime. He may not, however, be convicted of more than one crime if: (1) [o]ne crime is included in the other; or (2) [t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." (Emphasis supplied.) OCGA § 16-1-7 (a).

Sartin's "argument confuses the jury's role in criminal trials with that of the trial court. Under Georgia law, the jury has the responsibility to give a general verdict of guilty or not guilty. Conviction is not

the verdict; it is the judgment on the verdict or guilty plea. Therefore, [although] OCGA § 16-1-7 (a) provides that one cannot be 'convicted' of more than one crime arising from the same conduct, this Code section has no application to the verdict." (Citations and punctuation omitted.) *Sanders v. State*, 212 Ga. App. 832, 833 (2) (442 SE2d 923) (1994). The jury must first find a defendant guilty of more than one such offense before the court has the opportunity to merge the offenses under OCGA § 16-1-7 (a). Id.

Accordingly, even if Sartin is correct that both offenses arose out of the same act of sodomy, the jury could find him guilty of both offenses, and the trial court was not required to direct a verdict as to one of the offenses. It follows that trial counsel's failure to move for a directed verdict on this ground did not amount to deficient performance.

5. In his last enumeration of error, Sartin asserts trial counsel was ineffective because he failed to object to testimony that improperly bolstered the testimony of certain State witnesses. Contrary to Sartin's assertions in his reply brief, the record shows that he did not raise this claim in his motion for new trial.

Our law requires that a claim for ineffective assistance of counsel must be raised at the earliest practicable moment. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996). This rule requires that a "claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time." Id. at 184. Accordingly, because Sartin failed to raise this issue in his motion for new trial, he is barred from raising it here.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1996 —
RECONSIDERATION DENIED DECEMBER 4, 1996 — 

*Anthony E. Cheatham*, for appellant.

*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.

