A01A2025. COLLINS v. THE STATE.
(560 SE2d 767)

MILLER, Judge.

A jury found Martha L. Collins guilty of child molestation and aggravated child molestation. On appeal Collins contends that the evidence was insufficient to sustain her convictions and that she received ineffective assistance of counsel. We affirm.

1. Collins challenges the sufficiency of the evidence presented on the issue of whether she possessed the requisite intent to be convicted of child molestation[1] or aggravated child molestation.[2] More specifically, she argues that the evidence did not show that she acted

---

[1] Under OCGA § 16-6-4 (a), a person commits child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[2] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

"with the intent to arouse or satisfy the sexual desires of either the child or [herself]." We will uphold Collins's conviction on appeal if the evidence, construed most favorably to support the verdict, was sufficient to enable a rational trier of fact to find Collins guilty beyond a reasonable doubt.[3]

So construed, the evidence showed that Collins fondled the victim's penis. The victim, who was six years old at the time of the incident, testified that Collins took him into her bedroom, touched his "peepee" while his clothes were off, put a nail in his "peepee," and that it hurt. Collins's daughter testified that she witnessed Collins bending down and touching the victim's penis and that the victim screamed.

"Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6."[4] Moreover,

> [a] reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous. The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground.[5]

We can infer from the testimony of the victim and the witness that Collins committed those acts in order to satisfy her own sexual desires.[6] The evidence was sufficient to sustain the convictions.

2. Collins argues that she received ineffective assistance because her trial counsel failed to move for a directed verdict at the close of the State's evidence and failed to object to certain hearsay testimony. To establish ineffectiveness, Collins must prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced her defense such that there is a reasonable probability that, but for the unprofessional conduct, the outcome of the trial would have been different.[7]

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ney v. State*, 227 Ga. App. 496, 497 (1) (489 SE2d 509) (1997).

[4] (Citation and punctuation omitted.) *Ney*, supra, 227 Ga. App. at 497 (1).

[5] (Citations and punctuation omitted.) Id. at 497-498 (1); *Seidenfaden v. State*, 249 Ga. App. 314, 319 (3) (547 SE2d 578) (2001).

[6] See *Ney*, supra, 227 Ga. App. at 498 (1).

[7] *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984); *Beck v. State*, 250 Ga. App. 654, 662 (8) (551 SE2d 68) (2001).

(a) Collins's contention that her trial counsel was ineffective for failing to move for a directed verdict is without merit. As explained in Division 1, the evidence was sufficient to support the verdict, which precludes a showing of prejudice.[8]

(b) Collins alleges that her trial counsel was ineffective for failing to object to the hearsay testimony of one of the State's witnesses. This ground for objection, however, was not raised on motion for new trial. "All allegations of ineffective assistance of counsel should be raised at the earliest practicable moment, and any allegation not raised is deemed waived."[9] Thus, the failure to assert these specific grounds in the court below precludes our review of them on appeal.[10]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002.

*J. David Burroughs*, for appellant.

*Lydia J. Sartain, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

---

[8] See *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (a) (495 SE2d 347) (1998); *Ney*, supra, 227 Ga. App. at 502 (4) (f).

[9] (Citation and punctuation omitted.) *Render v. State*, 240 Ga. App. 762 (a) (525 SE2d 134) (1999); see *Rogers v. State*, 247 Ga. App. 219, 231 (18) (a) (543 SE2d 81) (2000).

[10] *Rogers*, supra, 247 Ga. App. at 231 (18) (a).

