## A92A0478. BRANAM v. THE STATE.

(419 SE2d 86)

Beasley, Judge.

Following the denial of her amended motion for new trial, Branam appeals' her convictions for two counts of child molestation of an 11-year-old boy, OCGA § 16-6-4 (a). A jury found the married 30-year-old mother guilty of molesting the child, who was Branam's ten-year-old daughter's friend, by engaging in sexual intercourse with him and by placing her hands on the boy's penis. Related charges were either not tried at the same time or resulted in acquittal or mistrial.

The victim testified to a course of sexual activity with Branam over a period of several months. It included viewing Branam nude, fondling, masturbation, oral sex, and both vaginal and anal intercourse. Branam admitted at least one episode of vaginal intercourse with the child and one instance of her manual masturbation of him; she maintained that the encounters were initiated by the boy, who was manipulative and the sexual aggressor, and that she submitted to the acts out of fear of what the boy might say to others and of what harm he might do to her, to her daughter, or to himself. She professed to have cultivated the relationship with the child, whom she considered "disturbed," because she was "just being a Good Samaritan" and "helping out." In other words, she was seduced.

1. In enumeration of error six, Branam contends that the evidence was insufficient for the jury to have found her guilty beyond a reasonable doubt because the indictment specifically alleged that she molested the boy with the intent to arouse her own sexual desires and there was no evidence of her sexual arousal.

First, Branam's argument fails to distinguish intent from result. That is, whether or not she in fact received sexual arousal from the acts with the boy is a different question from whether or not she engaged in the conduct intending to receive arousal of her sexual desires.

Second, "(a) reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous. [Cit.] '(T)he intent with which an act is done is

peculiarly a question of fact for determination by the jury and [even when] a finding that the accused had the intent to commit the crime charged [is] supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. (Cits.)' [Cit.]" *Blanton v. State*, 191 Ga. App. 454, 455 (1) (382 SE2d 133) (1989).

Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6. There was significant inferential evidence, from her conduct, of Branam's having committed the sex acts for the purpose of arousing her own sexual desires: participation in the sex acts themselves, continuing and frequent invitation to the boy to come to her home and business, picking the boy up at his home, often permitting the boy to spend the night at her house, constant and lengthy telephone conversations between the two when apart, and bestowal of gifts on the boy. See *Blanton*, supra at 455 (1).

Contrary to her evidence of lack of sexual arousal, an investigating officer testified that when he asked the boy if Branam said anything during their sexual activities, the boy related that two or three times Branam "would say it feels good." See OCGA § 24-3-16.

The evidence was sufficient to enable any rational trier of fact to find Branam guilty of the acts of child molestation, as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Enumeration of error number three is that the court refused to give a requested charge: "before you would be authorized to convict the defendant for child molestation or aggravated child molestation, you must first find a general plan of the defendant to use the child to gratify the defendant's lust or passions or sexual desires." She maintains that the failure to give the charge resulted in inadequate instruction that the jury could convict only if it found she committed the acts in the way and manner alleged in the indictment.

However, proving statutory intent under OCGA § 16-6-4 does not require a showing of a "general plan." The court's initial charge adequately instructed on the intent required to be proven by speaking generally on the element of intent and by giving the statutory definition of the crimes, clarifying at the conclusion of the instruction that the acts had to be committed as charged. In addition, the court stated that the jury would be authorized to convict, if under the evidence and the law, it found Branam "did commit the acts alleged against her in the way and manner they're alleged." See *Mathews v. State*, 176 Ga. App. 394, 395 (4) (336 SE2d 259) (1985).

3. The fourth enumeration is inadequate instruction by refusing to instruct, during recharge, "that the jury was only to convict for conduct in the way and manner alleged in the indictment," that is, an

act with intent to arouse defendant, not the child. The statute covers both alternatives; the indictment was limited only to defendant's desires. She admits that the child's sexual desires were aroused and insists that the jury was permitted to convict her on that score even though the indictment did not so charge.

During deliberations the jury foreman informed the court, via the bailiff, that the jury had a question. The jury was returned to the courtroom and the foreman stated: "Sir, we have a problem with the way these indictments are written. The last statement in each indictment reads: Being a child under fourteen years of age, with intent to arouse the sexual desires of said accused. We need to be recharged on the way the law reads." The court asked counsel to approach for a bench conference on any recharge. Following the conference, which was not reported, the court reinstructed the jury on the statutory definitions of child molestation, aggravated child molestation, and sodomy and concluded, "[a]lso in response to your question, . . . I reinstruct you that no person shall be convicted of any crime until and unless each element of the crime charged in the bill of indictment is proven beyond a reasonable doubt and to a moral and reasonable certainty."

The court inquired of all the jurors whether or not the reinstruction answered the question and asked anyone not satisfied with the answer to raise a hand, which one juror did. The court permitted the jury to retire to find out what the particular juror's question was, stating that the jury could come back out with the question. The court added, "If for some reason you do not need to come back out, let me instruct this jury that by giving you this recharge I'm not emphasizing this portion of any charge over the charge as a whole. I merely gave you the recharge because you asked the question; that's the only reason. So consider the recharge and the charge as a whole as applied to the evidence presented to you."

In the absence of a transcript of the pre-recharge bench conference, it cannot be determined whether or not Branam timely requested that any recharge be in the same language of the initial charge, i.e., "conduct in the way and manner alleged in the indictment." Whether requested or not, the court did recharge on the same principle, even though not in the same language. See Division 2. And the court expressly told the jury to consider the recharge along with the initial instruction, which included the subject language. See Division 2. The jury election not to return to the courtroom with further questions, as it was told it could do, undercuts any claim of remaining juror confusion.

The court's instruction as a whole was " 'sufficiently clear' " for the jury " 'of ordinary capacity and understanding' " to understand that it could only convict if the State proved the acts as alleged in the

indictment. See *Feblez v. State*, 181 Ga. App. 567, 568 (2) (353 SE2d 64) (1987).

4. The fifth enumeration is that the charge was inadequate on the issue of intent by the court's refusal to charge, "the criminal laws are to be strictly applied against the prosecution and . . . if two reasonable interpretations may be made of a criminal statute, one of which is consistent with his innocence, it would be your duty to so interpret said law so that the defendant would be found not guilty."

As outlined in Divisions 2 and 3, the court's instruction as a whole adequately apprised the jury of the State's burden of proving the crimes committed in the manners alleged. Moreover, the request was not an accurate statement of the law for which the authority *Wood v. State*, 68 Ga. App. 43 (a) (21 SE2d 915) (1942), is cited. Nor was it a correct statement of the jury's responsibility in assessing the evidence in the context of the criminal statutes.

5. The first enumeration is the refusal to charge on the law of similar transactions.

The acts that Branam cites as similar transactions were repeated acts of sexual abuse of the boy during the several months duration of her relationship with him. Even though the State filed a USCR 31.3 notice of its intent to introduce evidence of the additional conduct as similar transactions, it did not need to do so. " 'The state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue.' [Cits.]. . .

"Because the date alleged in the indictment was not an essential averment, evidence of similar acts occurring within the statute of limitation was evidence of the crime charged and did not fall within the ambit of the rule relating to notice of the State's intention to present evidence of similar transactions. [Cits.]" *Garrett v. State*, 188 Ga. App. 176 (1), 177 (2) (372 SE2d 506) (1988).

It was not error to refuse to instruct on the inapplicable law of similar transaction evidence, because these acts were "part of a single, continuous transaction." USCR 31.3 (E).

6. Enumeration number two cites error in "refusing to charge the jury on the defense of mistake of fact as justification for otherwise criminal conduct, while charging on the law of coercion and indicating to the jury that coercion was the sole defense raised at trial." The "mistake of fact" is Branam's alleged "honest belief that [the boy] would either kill himself or blackmail [her] or have sex with Branam's daughter if she did not cooperate."

Contrary to Branam's contention, the trial court did not state that coercion was Branam's sole defense, although it was the only le-

gal defense presented at trial. What Branam mislabels as a mistake of fact is nothing more than a restatement of her claim that she was forced or coerced into the sexual activity out of fear of the boy's possible actions. What might occur in the future is not present fact.

There was no error in refusing to charge on the inapplicable defense of mistake of fact.

7. The seventh enumeration challenges the post-trial order permitting three aggravated sodomy counts to remain pending for later trial.

It explained the correlation of the five counts in the tried "dummy indictment" with the eight counts in the indictment and stated that the three aggravated sodomy counts along with the mistried aggravated child molestation count remained pending. The question of a future bar to prosecution because of double jeopardy, OCGA §§ 16-1-6; 16-1-7, is to be presented by a plea in bar or plea of former jeopardy should the State proceed with prosecution of those charges. It is not properly raised in the present appeal. See *Gilstrap v. State*, 256 Ga. 20, 22 (6) & fn. 2 (342 SE2d 667) (1986).

Branam did file a pretrial "Special Demurrer and Motion to Quash" and a "Motion to Require State to Elect Remedies." The former alleged inconsistent language with respect to two of the aggravated sodomy counts. The latter alleged that the State collectively by all charges was attempting multiple prosecution for the same conduct, which is a different aspect of the double jeopardy question. Even though a defendant can be convicted and sentenced only once for the same conduct, the State is entitled to prosecute the accused for all crimes committed. See *Hight v. State*, 195 Ga. App. 727, 728 (3) (394 SE2d 636) (1990).

Branam's complaint that the State misled her into believing that the aggravated sodomy counts had been abandoned by the failure to join them for trial is not evidenced and is prematurely presented.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 7, 1992.

*Bruce & Hentz, William D. Hentz,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Mary J. Palumbo, Melodie B. Swartzbaugh, Assistant District Attorneys,* for appellee.