A94A1894. MOSS v. THE STATE.
(455 SE2d 411)

RUFFIN, Judge.

William Moss was convicted by a jury of three counts of aggravated child molestation, two counts of aggravated sodomy, and one count of sodomy involving his three daughters who were aged eight, seven and six at the time they were molested. Moss was sentenced to ten years' imprisonment and appeals following the denial of his motion for new trial.

1. Moss enumerates as error the trial court's denial of his motion in limine to suppress the testimony of witnesses added to the State's list on the eve of trial. He maintains there was insufficient time to prepare a defense to the testimony of the clinical social worker and counselor who interviewed the victims at Grady Hospital two-and-one-half weeks after the molestations occurred in August 1989, and the clinical social worker who counseled one of the children in October 1989, in Savannah.

The former OCGA § 17-7-110 provided that, on demand, the State must supply a defendant with "a list of witnesses on whose testimony the charge against him is founded."[1] The Code section further mandated that "[w]ithout the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the state was not aware

---

[1] OCGA § 17-7-110 was repealed effective January 1, 1995. Ga. L. 1994, p. 1895, § 1. The General Assembly did not codify its provision that the Act repealing OCGA § 17-7-110 would be effective to cases docketed on or after January 1, 1995. Ga. L. 1994, p. 1895, § 13.

of at the time of its furnishing the defendant with a list of the witnesses." OCGA § 17-7-110.

The prosecutor explained that he discovered the identity and whereabouts of the witnesses on the Thursday immediately preceding the start of trial on Monday and promptly notified defense counsel. Moreover, unlike the situation in *Allison v. State*, 256 Ga. 851 (8) (353 SE2d 805) (1987), counsel had time to interview the witnesses between Thursday and the beginning of trial Monday. At trial, his thorough cross-examination of the witnesses demonstrated his preparation for evidence concerning the Child Abuse Accommodation Syndrome. We find no abuse of discretion in the trial court's decision to admit the evidence and allow defense counsel time to interview the two out-of-town witnesses prior to their testimony. See *Willis v. State*, 202 Ga. App. 447, 448 (1) (414 SE2d 681) (1992).

2. Moss also contends the trial court erred by refusing to require production of the notes and records of the social workers who counseled the victims and testified at trial. He argues that these materials constitute the factual basis for these experts' opinions and are, therefore, discoverable pursuant to the procedures of OCGA § 49-5-41.

OCGA § 49-5-40, as amended, provides that records maintained by a state or local agency in connection with reports of child abuse are confidential, and access to such records is prohibited except as provided in OCGA §§ 49-5-41 and 49-5-41.1. The record shows that the trial court examined the records of the Department of Family & Children Services subpoenaed by Moss and found they were unrelated to any issue in the case. Furthermore, this court has held that "OCGA § 17-7-211 [concerning the right of the defendant to written scientific reports] does not apply to the testimony of mental health therapists and psychologists, even if such testimony is based on written notes or reports." *Horne v. State*, 192 Ga. App. 528, 531 (4) (a) (385 SE2d 704) (1989). Accordingly, the trial court did not err in denying the defense request for the notes and work product of the social workers who testified at trial concerning their contact with the Moss children.

3. Moss next enumerates as error the trial court's failure specifically to accept the testimony of counselor Marie Simmons, who interviewed the victims at Grady Hospital two-and-one-half weeks after the molestations occurred, as an expert qualified in a specified field. The record shows, however, that the witness was examined by the prosecutor and defense counsel regarding her credentials and expertise in the area of clinical psychology and the Child Abuse Accommodation Syndrome after which the trial court directed the prosecutor to proceed. When the State questioned the court as to whether the tender was accepted, the court repeated, "You may proceed." Defense counsel did not object to the court's implicit acceptance of the wit-

ness as an expert, and thus failed to preserve this enumeration for appellate review. *Morris v. State*, 212 Ga. App. 42, 44 (2) (441 SE2d 273) (1994).

4. We find no merit in Moss's fourth enumeration that the trial court refused to strike a juror for cause who stated during voir dire that he found the charged offenses "repugnant" and was "not likely to give anybody the benefit of the doubt." Moss claims he was prejudiced by having to use a peremptory strike to remove this juror from the panel. The record shows the court probed this juror's statement, reminding him that "[U]nder our system [Moss] is entitled to all of the benefit of the doubt, [because] he is presumed innocent." The juror replied that he understood and, to the court's query, "You would require the State to prove him guilty, wouldn't you?" the juror answered "I would."

We find no abuse of discretion in the court's refusal to strike this juror for cause. It is not clear that this juror held opinions " 'so fixed and definite' " as to render him " 'unable to set [them] aside and decide the case based upon the evidence or the court's charge upon the evidence.' [Cits.]" *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993).

5. Finally, Moss enumerates the denial of his motion for new trial on the ground of ineffective assistance of trial counsel.

"When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations, punctuation and emphasis omitted.) *Johnson v. State*, 214 Ga. App. 77, 78 (1) (447 SE2d 74) (1994).

Moss's allegations of ineffective counsel are without merit. First, counsel's failures to interpose objections or move for a mistrial were explained at the evidentiary hearing as tactical decisions based upon counsel's reading of jurors' attitudes and prior legal research or strategic considerations involving cross-examination of certain witnesses. More specifically, counsel's failure to object and move for a mistrial when clinical social worker Shirley Hamilton testified she "had no

suspicions these children weren't telling the truth" or when mental health therapist Marie Simmons stated that on the one occasion she saw the Moss children at Grady Hospital, she "felt like the kids were telling the truth" does not warrant a new trial on ineffective assistance grounds. Ms. Simmons explained that "the children . . . could talk about what had occurred to them, . . . they used language that was appropriate to children," and "their affect matched what they were telling me. So it was difficult for them to tell, and it was obviously distressing to them."

Even assuming the witnesses' challenged testimony was objectionable, "it cannot be said . . . that but for [counsel's alleged] error, the verdict would have been different. This is particularly so in view of the fact that the record shows the [children's] statements were reasonably consistent, thus supporting the verdict found by the jury with or without [the] social worker's [or therapist's] opinion[s]." (Citations and punctuation omitted.) *Williamson v. State*, 207 Ga. App. 565, 569 (2) (g) (428 SE2d 628) (1993); see also *Knight v. State*, 207 Ga. App. 846 (1) (429 SE2d 326) (1993). Moreover, the experts' statements were "not a significant addition to [their] main testimony, so as to displace the jury's minds on the issue and usurp their authority." *Stamey v. State*, 194 Ga. App. 305, 306 (1) (a) (390 SE2d 409) (1990). Furthermore, since Ms. Simmons was qualified as an expert familiar with Child Abuse Accommodation Syndrome, it was appropriate for her to testify that the children's behavior at trial was characteristic of victims of sexual abuse. See *Knight*, 207 Ga. App. at 847 (1). "Accordingly, we conclude that defense counsel's performance in this matter was not so deficient that there can be shown with a reasonable probability that the results of the proceedings would have been different had he performed otherwise." *Williamson*, 207 Ga. App. at 569 (2) (g).

Next, counsel's decision for the defendant to testify was a strategic matter, as was the decision to question Moss concerning his criminal record. Finally, Moss has not shown prejudice from counsel's failure to prepare a charge on Child Abuse Accommodation Syndrome since the court properly charged the jury as to the weight to be accorded expert testimony generally. Moss has failed to satisfy either prong of the test for constitutionally ineffective representation: he has established neither representation below reasonable professional standards, nor a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Johnson*, supra at 78. Accordingly, the denial of Moss's motion for new trial was not clearly erroneous.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1995.

*William T. Hankins III,* for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Carl P. Greenberg, Michael L. Spotts, Assistant District Attorneys,* for appellee.