A04A1627. HOLLOWAY v. THE STATE.
(601 SE2d 753)

BLACKBURN, Presiding Judge.

Following a jury trial, Gary Mitchell Holloway appeals his conviction for child molestation,[1] contending that the evidence was insufficient to support the verdict because: (1) the testimony of the victim was not credible and equivocal and (2) the State failed to prove the requisite intent. For the reasons set forth below, we affirm.

The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict, and [Holloway] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

---

[1] Although Holloway was also charged with aggravated sexual battery, the jury found him not guilty on this count.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Susan v. State.*[3]

Viewed in this light, the record shows that, on the evening of January 5, 2002, Holloway spent the night in the apartment of his stepsister and her seven-year-old daughter, A. C. At trial, A. C. testified that, during the night, Holloway entered her room with a bar of soap, pulled down her panties while she was sleeping on her stomach, rubbed the soap on his hands, and then rubbed it on her vagina. A. C. also told police in a prior statement that she thought that Holloway put his finger inside her vagina. After Holloway left her room, A. C. got up, went to the bathroom, and experienced a stinging sensation while she urinated. When A. C. returned to her room, she noticed a wet spot had been left on her bed. Fearful, A. C. later described the incident to her mother, her grandmother, and later a social worker in a taped interview. When A. C.'s mother first confronted Holloway, he acted nonchalantly in the face of the accusations, rather than being surprised or defensive. Holloway was subsequently arrested, tried, and convicted of child molestation.

This evidence was sufficient to prove that Holloway committed child molestation by committing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

1. Nonetheless, Holloway contends that A. C.'s testimony regarding the act of molestation was vague, equivocal, and generally unworthy of belief. The jury, however, clearly believed A. C.'s testimony, and, as the jury is the sole arbiter of credibility in this matter, this Court has no power to overturn its determination of the victim's credibility. See *Susan,* supra.

2. Holloway also contends that the State failed to prove that he acted with the intent to arouse or satisfy the sexual desires of either A. C. or himself. We cannot agree. "Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this. OCGA § 16-2-6. *Branam v. State.*[4] A reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous." (Punctuation omitted.) *Ney v. State.*[5] See also *Baker v. State.*[6]

Based on the facts of this case and the circumstances surrounding the act of molestation, we cannot say that the jury's determination that Holloway had the requisite intent was either contrary to the

[3] *Susan v. State,* 254 Ga. App. 276, 277 (1) (562 SE2d 233) (2002).

[4] *Branam v. State,* 204 Ga. App. 205, 206 (1) (419 SE2d 86) (1992).

[5] *Ney v. State,* 227 Ga. App. 496, 497-498 (1) (489 SE2d 509) (1997).

[6] *Baker v. State,* 241 Ga. App. 666, 669 (2) (527 SE2d 266) (1999).

evidence or clearly erroneous. To the contrary, Holloway's manual stimulation of A. C.'s vagina allowed the jury to infer that he acted with an improper intent. See, e.g., *Collins v. State.*[7]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 1, 2004.

*Virginia W. Tinkler,* for appellant.

*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

[7] *Collins v. State,* 253 Ga. App. 899, 900 (1) (560 SE2d 767) (2002).