### A05A2234. MADDOX v. THE STATE.
(622 SE2d 80)

PHIPPS, Judge.

An indictment charged Okenno Maddox with three counts of child molestation, two counts of aggravated child molestation, and one count of aggravated sexual battery of a child under sixteen years of age. Maddox was convicted of all charges. Following the denial of his motion for new trial, he appeals. He challenges the sufficiency of the evidence to support certain of the charges as well as the court's imposition of recidivist sentencing. He also claims ineffective assistance of counsel. Finding no merit in any of these claims of error, we affirm.

1. Maddox first contends that the evidence is insufficient to support his convictions of aggravated child molestation and aggravated sexual battery.

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy."[1] "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."[2] The

---

[15] See *Remillard*, supra; *Clark v. State*, 265 Ga. App. 112 (593 SE2d 28) (2004).
[1] OCGA § 16-6-4 (c).
[2] OCGA § 16-6-2 (a).

indictment in this case charged Maddox with aggravated child molestation based on allegations that he had committed acts of sodomy by placing his mouth on the child's vagina and his penis in her mouth.

"A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."[3] "The term 'foreign object' includes not only inanimate instruments, but also a person's body parts, such as a finger."[4] Maddox was charged with aggravated sexual battery based on allegations that he had penetrated the child's vagina with his finger.

At trial, the eleven-year-old victim, T. M., testified in regard to the child molestation charges that, beginning when she was about eight years old, Maddox had touched her "[i]n between my legs. . . . My private part in between my legs." In regard to the aggravated child molestation and aggravated sexual battery charges, she testified that he had "put his hand on my private part. He put his finger in my private part. He'll put his mouth on my private part and put my mouth on his private part. . . ." She later testified that when she put her mouth on his "private part," "he came, whatever you call it." When the prosecutor asked T. M. whether by that she meant that "stuff came out of his private part," she responded yes. In a videotaped pretrial interview of T. M. played to the jury, she explained that she was using the term "private part" to mean penis or vagina.[5] Clearly, the record demonstrates that T. M. was using the term "private part" in reference to either her vagina or to Maddox's penis. Maddox's challenge to the sufficiency of the evidence is, therefore, without merit.

2. Maddox charges his trial attorney with ineffective assistance in failing to object to testimony by the psychologist who conducted the pretrial interview of T. M.

Maddox argues that certain testimony given by the psychologist amounted to improper bolstering of T. M.'s credibility. There is no merit in this argument. The psychologist was qualified as an expert in the field of conducting forensic interviews of children in sexual abuse cases. She testified to her training and experience, which included conducting hundreds of such interviews. After the videotape of the interview was played to the jury, the prosecutor commented that T. M. had not given any specific dates on which events had

---

[3] OCGA § 16-6-22.2 (b).

[4] *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001) (footnote omitted).

[5] Compare *Elrod v. State*, 208 Ga. App. 787, 788 (2) (432 SE2d 808) (1993) (record did not demonstrate that victim was using terms "butt" and "crack" to refer to his anus rather than the inner cheeks of his buttocks; evidence insufficient to support aggravated sodomy conviction).

happened, and the psychologist was asked whether that was uncommon. The psychologist responded that it is more uncommon for a child (or for an adult) to be able to specify incident dates where, as here, there has been a recurrence of events over a prolonged period.

Improper bolstering occurs when an expert witness is allowed to give his or her opinion as to whether the complaining witness is telling the truth, because that is an ultimate issue of fact and the inference to be drawn is not beyond the ken of the average juror.[6] Here, the witness testified on the basis of her experience in forensic interviewing as to the ability of interviewees to recall certain things in certain situations. That was in no way a comment on an ultimate issue of fact. And the court was authorized to find that the conclusion drawn by the expert was beyond the ken of the jurors. Therefore, counsel was not ineffective in failing to object.

3. Maddox challenges the sufficiency of the evidence to support the court's imposition of recidivist sentencing on the ground that the conviction used to show his recidivist status was against "Okenno McWhorter," rather than "Okenno Maddox."

There is no merit in this challenge, as the trial court was authorized to find from the evidence presented that Maddox could have also gone by the name McWhorter. In fact, his trial attorney testified at the hearing on Maddox's motion for new trial that he conducted a pretrial investigation and determined that Maddox and McWhorter were, indeed, the same person.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 14, 2005.

*Wystan B. Getz*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[6] *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994).