A07A2032. AL-ATTAWY v. THE STATE.
(657 SE2d 552)

PHIPPS, Judge.

Hakeem Al-Attawy was convicted of aggravated sodomy, aggravated child molestation, enticing a child for indecent purposes, and two counts of child molestation. The trial court denied his motion for

---

new trial. On appeal, Al-Attawy claims that he received ineffective assistance of counsel because trial counsel did not object when an expert witness testified that she found a videotaped statement by the victim to be "credible." Alternatively, he seeks a remand for an evidentiary hearing on whether his current appellate counsel provided ineffective assistance at the hearing on his motion for new trial. For the reasons set forth below, we affirm the judgment and deny his motion to remand.

The case against Al-Attawy involved a claim by R. A., then ten or eleven years old, that on November 2, 2002, Al-Attawy, a family friend, gave him a "massage," took him into a bedroom, removed some of his clothes and attempted anal intercourse with him. Shortly after the incident, R. A. made a videotaped statement to an interviewer at the Georgia Center for Children describing what had occurred. At trial, the state showed the videotaped statement to the jury. The state elicited testimony from R. A., who was 14 years old at the time of trial. The state also elicited testimony from R. A.'s mother and brother concerning R. A.'s outcry about the incident. In addition, the state elicited testimony from a clinical psychologist who was qualified as an expert in the forensic interviewing of children. The psychologist had not met R. A. but had viewed his videotaped statement.

During direct examination, the psychologist discussed the procedures for interviewing a child who has disclosed an incident of sexual abuse. The state asked: "Now, how are you able to determine whether you think the disclosure is credible? What do you take into consideration?" The psychologist responded with a general discussion about indicia of credibility, including the age and developmental level of the child, motivation on the part of the child or the child's family to lie, and the type of language used by the child to describe the abuse. Al-Attawy's trial counsel explored these topics on cross-examination. On redirect examination, the following exchange occurred between the state and the psychologist:

Q. . . . You mentioned all the things you use to determine whether or not a disclosure is credible. Did you find this disclosure to be credible and why?
A. Yes. I found this disclosure to be credible. He [R. A.] told immediately. He came in and he was able to tell [the interviewer] in detail what happened. He provided contextual details. He didn't seem to elaborate or exaggerate in any way. He used age appropriate language. His demeanor seemed very typical for a child and his disclosure was very consistent with other disclosures of sexual abuse.

Al-Attawy's trial counsel did not object to this testimony. Instead, she addressed the testimony on recross-examination:

> Q. When you say that you found him to be credible, does that mean that you found what he said to be the absolute truth? A. Well, I mean, I wasn't there and I actually have never met this child, so I wouldn't testify to that. I would testify that his disclosure seemed credible and consistent.

In his motion for new trial, Al-Attawy contended that the psychologist's testimony impermissibly bolstered R. A.'s videotaped statement and invaded the province of the jury. He argued, among other things, that his trial counsel's failure to object to this testimony constituted ineffective assistance of counsel. At his new trial hearing, Al-Attawy did not introduce testimony from trial counsel as to why she did not object. Instead, he argued that counsel's failure to object, alone, demonstrated ineffective assistance of counsel. The trial court denied the motion for new trial because it was "not convinced the questions as phrased were objectionable" and because trial counsel may have had a legitimate strategic reason for not objecting to the testimony.

1. To show ineffective assistance of counsel under *Strickland v. Washington*,[1] Al-Attawy must demonstrate that his counsel's performance was deficient and that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different.[2] When reviewing a trial court's determination on these issues, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[3] Al-Attawy has shown neither the deficient performance of his trial counsel nor prejudice resulting from counsel's failure to object to the psychologist's testimony.

"Improper bolstering occurs when an expert witness is allowed to give his or her opinion as to whether the complaining witness is telling the truth, because that is an ultimate issue of fact and the inference to be drawn is not beyond the ken of the average juror."[4] Al-Attawy argues that the psychologist impermissibly bolstered R. A.'s statement when she testified that she found his videotaped statement "credible." We agree. A witness may opine that a statement meets indicia of credibility "based on factors beyond the ken of the

---

[1] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Williams v. State*, 273 Ga. App. 321, 322 (615 SE2d 160) (2005).

[3] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

[4] *Maddox v. State*, 275 Ga. App. 869, 871 (2) (622 SE2d 80) (2005) (footnote omitted); see *Buice v. State*, 239 Ga. App. 52, 55 (2) (520 SE2d 258) (1999).

average juror."[5] Thus, testimony that a child's statement or behavior is consistent with a history of sexual abuse is permissible,[6] but "our courts have consistently held that expert witnesses may *not* testify regarding truthfulness or credibility."[7] Here, the psychologist's testimony went beyond expressing whether R. A.'s statement showed indicia of credibility. The psychologist testified, "I found [the child's] disclosure to be credible."

Al-Attawy has not shown that his trial counsel's failure to object to the bolstering testimony was deficient, however. We will not find deficient performance if counsel's trial strategy and tactics were reasonable,[8] and Al-Attawy must establish that trial counsel's action fell outside the wide range of reasonable professional assistance.[9] Not objecting to testimony but instead subjecting it to cross-examination may be part of a reasonable trial strategy,[10] and the record reveals that Al-Attawy's trial counsel's cross-examination led the psychologist to qualify her prior bolstering testimony. Al-Attawy has not offered any evidence to show that this performance was not part of a conscious and deliberate strategy or that such strategy was unreasonable.[11]

Moreover, Al-Attawy has not shown that his trial counsel's failure to object to this testimony affected the outcome of his trial. The trial court was not required to grant a new trial based on the bolstering testimony.[12] And we review the bolstering testimony within its context to determine whether it affected the trial's outcome.[13] The challenged testimony was a single comment within the psychologist's otherwise appropriate discussion of the various indicia by which a disclosure of abuse may be assessed.[14] The record shows that, in

---

[5] *Odom v. State*, 243 Ga. App. 227, 229 (1) (b) (531 SE2d 207) (2000).

[6] Id.

[7] *Buice*, supra at 55 (citations omitted); see *Orr v. State*, 262 Ga. App. 125, 128-129 (2) (584 SE2d 720) (2003); *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001).

[8] *Bharadia v. State*, 282 Ga. App. 556, 559 (6) (a) (639 SE2d 545) (2006).

[9] *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003); *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999).

[10] See *Evans v. State*, 288 Ga. App. 103, 109 (3) (c) (653 SE2d 520) (2007); *Griffin v. State*, 281 Ga. App. 249, 251 (3) (635 SE2d 853) (2006); *Williams v. State*, 261 Ga. App. 176, 180 (3) (582 SE2d 141) (2003).

[11] See *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001). Compare *Orr*, supra at 129 (3) (failure to object to bolstering testimony constituted ineffective assistance of counsel where trial counsel testified that he misunderstood the objectionable and harmful nature of the testimony); *Mann*, supra at 73 (same, where trial counsel testified that this failure was *not* part of her trial strategy but rather was due to her lack of trial experience).

[12] See *Hunt v. State*, 268 Ga. App. 568, 572 (2) (602 SE2d 312) (2004) (grant or denial of mistrial lies in trial court's discretion unless manifestly abused).

[13] See *Branesky v. State*, 262 Ga. App. 33, 36 (3) (a) (584 SE2d 669) (2003).

[14] See *Moss v. State*, 216 Ga. App. 711, 714 (5) (455 SE2d 411) (1995) (holding it appropriate for qualified expert witness to testify that person's behavior was characteristic of abuse victim).

response to questioning from Al-Attawy's counsel, the psychologist retreated from the bolstering testimony, thus diminishing its impact. Moreover, the jury had other evidence from which it could assess the credibility of R. A.'s videotaped statement, including R. A.'s trial testimony, during which he was subjected to cross-examination, and the testimony of outcry witnesses.[15] Under these circumstances, we find that the challenged testimony did not usurp the authority of the jury on the issue of R. A.'s credibility.[16] Al-Attawy has not shown a likelihood that an objection would have led to a different trial outcome.

2. Al-Attawy moves this court to remand his case to the trial court for a hearing on whether his appellate counsel was ineffective in failing to call trial counsel at the new trial hearing.[17] This motion challenges the effectiveness of counsel still representing Al-Attawy in this appeal. We need not address the procedural propriety of this motion, however, because "[r]emand is not mandated . . . if we can determine from the record that [the appellant] cannot satisfy the two-prong test set forth in *Strickland v. Washington*."[18] We have found in Division 1 that Al-Attawy was not prejudiced by any alleged deficiencies in his trial counsel's performance, and thus Al-Attawy cannot show that the failure to call trial counsel at his new trial hearing prejudiced his post-conviction efforts.[19] Accordingly, the record shows that Al-Attawy cannot satisfy the *Strickland* test and we deny his motion to remand.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 25, 2008 —
RECONSIDERATION DENIED FEBRUARY 12, 2008

*Cecil B. Guile III, Christopher J. McFadden*, for appellant.

---

[15] See *Frazier v. State*, 278 Ga. App. 685, 691 (3) (a) (629 SE2d 528) (2006), overruled in part on other grounds, *Schofield v. Holsey*, 281 Ga. 809, 812, n. 1 (642 SE2d 56) (2007); *Branesky*, supra at 36. Compare *Orr*, supra at 127-129 (only evidence on one element of crime was testimony of victim, who contradicted her earlier statement); *Hilliard v. State*, 226 Ga. App. 478, 482 (1) (487 SE2d 81) (1997) (no other testimony was presented at trial that could allow jury to reach independent conclusion about victim's credibility); *Lagana v. State*, 219 Ga. App. 220, 221 (1) (464 SE2d 625) (1995) (bolstering testimony was not accompanied by other testimony that could enable jury to "determine for itself the truthfulness and credibility" of victim and to "accept or reject the [expert's] opinion on this matter").

[16] See *Moss*, supra at 714.

[17] Al-Attawy conditions this motion on this court finding against him in this appeal.

[18] *Freeman v. State*, 282 Ga. App. 185, 189 (3) (638 SE2d 358) (2006) (citation and punctuation omitted).

[19] See id.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney,* for appellee.