## A11A0422. SANDERS v. THE STATE.
(707 SE2d 538)

McFADDEN, Judge.

A jury found Harvey Sanders guilty of (1) aggravated child molestation for placing his mouth on the vagina of minor D. M., (2) child molestation for touching D. M.'s vagina with his hand, (3) child molestation for kissing D. M. on the mouth, (4) aggravated child molestation for placing his penis on the anus of minor L. B., (5) aggravated child molestation for placing his penis in L. B.'s mouth, (6) aggravated child molestation for placing his mouth on L. B.'s vagina, and (7) child molestation for kissing L. B. on the mouth. The trial court entered judgments of conviction and denied Sanders' motion for a new trial. Sanders appeals, challenging the sufficiency of the evidence. Because there is sufficient evidence to support the jury's verdicts, we affirm.

1. " 'On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict.' [Cit.]" *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

> "We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain [whether] the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld." [Cits.]

*Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009).

Viewed in favor of the verdicts, the evidence shows that in 2005, Sanders moved into an apartment with Arashanda Bridges and her daughter, L. B. In 2006, Bridges began dating a co-worker, Juan Musgrove, whose daughter is D. M. Sanders babysat L. B. and D. M. at the apartment when their parents were at work. One evening in

December 2006, Sanders called seven-year-old D. M. into a bedroom, where he pulled D. M. on top of him and squeezed her buttocks. He then pushed her onto the bed, removed her pants and underwear, kissed her mouth and chest, touched her vagina with his fingers, placed his mouth and tongue on her vagina, and asked her if she liked it. When he was done, he told D. M. not to tell her parents and said, "I'm a good man." After the incident, D. M. told L. B. what had happened, and four-year-old L. B. later said that Sanders had done similar things to her. On several occasions since he had moved into the apartment, Sanders kissed L. B. on her mouth and chest, removed her pants and performed oral sex on her, and put his penis in her mouth and on her anus.

The girls told their parents about the incidents and were then interviewed separately by a police detective specializing in molestation cases. The girls reiterated to the detective what they had told their parents, with D. M. saying, among other things, that when Sanders put his mouth on her vagina it felt like "a fish tail moving back and forth," and L. B. saying that when Sanders touched her bottom with his penis "[i]t hurted." Both children also underwent forensic medical examinations at a sexual assault center. D. M. had no residual injury, which, according to the nurse who performed the examinations, was consistent with her outcry. L. B. had a "skin tag," or loose skin, on her anus, which was consistent with trauma from attempted penetration.

(a) Sanders claims that this evidence does not support his conviction for aggravated child molestation of D. M. because during D. M.'s trial testimony, she did not use the word "vagina" when describing the alleged act of oral sodomy, and he further claims that his child molestation conviction for touching D. M.'s vagina with his hand must be reversed because D. M. did not testify about such a touching. However, D. M.'s trial testimony was not the only evidence introduced by the state. Her videotaped interview with the detective was also played for the jury. During that interview, D. M. labeled body parts on a diagram of an adolescent female, clearly indicated that the word she used for vagina was "business," and stated that Sanders had put his mouth on her business and used his fingers and hands to open her business. "[T]he jury was entitled to consider the victim's out-of-court statements as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16. [Cits.]" *Lopez v. State*, 291 Ga. App. 210, 212 (1) (661 SE2d 618) (2008). Contrary to Sanders' claims, there is sufficient evidence from which the jury could have found beyond a reasonable doubt that he placed his mouth on D. M.'s vagina and touched her vagina with his hands. See *Maddox v. State*, 275 Ga. App. 869, 870 (1) (622 SE2d 80) (2005).

(b) As for his child molestation conviction for kissing D. M. on

the mouth, Sanders contends that there is no evidence of his sexual arousal. But his sexual arousal is immaterial. Rather, the relevant inquiry is whether he committed the immoral or indecent act "with the *intent* to arouse or satisfy the sexual desires of either the child or [himself]." (Emphasis supplied.) OCGA § 16-6-4 (a) (1). See *Branam v. State*, 204 Ga. App. 205 (1) (419 SE2d 86) (1992) (sexual arousal is different question from "intending to receive arousal of . . . sexual desires"). "Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this." (Citations and punctuation omitted.) *Holloway v. State*, 268 Ga. App. 300, 301 (2) (601 SE2d 753) (2004). "The intent with which an act is done is peculiarly a question for determination by the jury[.]" (Citations and punctuation omitted.) *Branam*, supra at 205-206 (1). In making such a determination, "the jury may consider the defendant's words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. [Cit.]" *Phillips v. State*, 269 Ga. App. 619, 629 (8) (604 SE2d 520) (2004). Here, the acts of beckoning the child into a private bedroom, putting her on the bed, kissing her mouth and chest and stomach, removing her pants and underwear, touching her vagina with his hands, performing oral sex on her, asking her if she liked it and then pleading with her not to tell her parents, was enough evidence to support the jury's finding that Sanders had the requisite intent. See *Phillips*, supra at 629-630; *Holloway*, supra at 301-302; *Branam*, supra.

(c) With regard to his four convictions for molesting L. B., Sanders claims that the only evidence was the victim's testimony. But " '(i)t is well established that in child molestation cases, the victim's testimony alone is sufficient to support a conviction.' [Cit.]" *Hughes v. State*, 297 Ga. App. 581, 582 (1) (677 SE2d 674) (2009). And, contrary to Sanders' claim, there is evidence other than L. B.'s testimony showing that he molested her, including her out-of-court statements and the medical evidence. See *Garduno v. State*, 299 Ga. App. 32 (1) (682 SE2d 145) (2009). "Having reviewed all of the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to enable a rational trier of fact to find [Sanders] guilty beyond a reasonable doubt of the [crimes] for which he was convicted." (Citations and punctuation omitted.) *Thornton v. State*, 306 Ga. App. 47, 48 (701 SE2d 533) (2010).

2. Although Sanders' enumeration of errors challenges only the sufficiency of the evidence, he further argues that the trial court erred in failing to merge some of the convictions.

Of course, an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumera-

tion of the errors. And we are precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors.

(Citations and punctuation omitted.) *Scott v. State*, 302 Ga. App. 111, 112-113 (1) (b) (690 SE2d 242) (2010). Accordingly, this argument presents nothing for us to review. See *Lewis v. State*, 263 Ga. App. 98, 99 (1) (587 SE2d 245) (2003).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2011.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.