A10A1690. WORD v. THE STATE.
(708 SE2d 623)

SMITH, Presiding Judge.

Lathan Word was convicted of armed robbery. The trial court denied Word's motion for new trial, and this appeal followed, with Word asserting as his sole enumeration of error ineffective assistance of trial counsel.[1] We find that counsel was ineffective in failing to object to a police officer's comment on the credibility of the victim.

---

[1] In 2005, Word's motion for an out-of-time appeal was granted, but no notice of appeal or motion for new trial appears to have been filed. In January 2007, Word filed a pro se motion for an out-of-time appeal, which was denied in March of the same year. In March 2008, Word filed a notice of appeal which was dismissed as untimely by this court in May. In June 2008, Word filed a motion for new trial with another motion for out-of-time appeal, which was granted. He amended that motion in February 2010 to allege for the first time ineffective assistance of trial counsel.

We also find that a reasonable probability exists that the result of the trial would have been different but for that failure. We therefore reverse.

> To establish ineffective assistance of counsel under *Strickland v. Washington* a defendant must demonstrate (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. To make that showing, [Word] must rebut the strong presumption that his lawyer's conduct falls within the wide range of reasonable professional assistance. As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.

(Citations, punctuation and footnotes omitted.) *Bazin v. State*, 299 Ga. App. 875, 876-877 (683 SE2d 917) (2009).

Word complains of trial counsel's failure to object to the following questions, directed by the prosecutor to the investigating officer:

> Q. Did you think he told you the truth about being robbed?
> A. Yes. I believe he was robbed.
> Q. Okay. And what did you think he was not telling you the whole truth about?
> A. About knowing who the suspect was.

A hearing was held on March 22, 2010, at which Word's original trial counsel testified. When counsel was first questioned at the hearing on the motion for new trial, he had no recollection of the trial, which had occurred almost ten years before. Word's counsel showed him the questions and answers complained of and asked him, "Well, when you ask a police officer do you think [the victim is] telling the truth and he says yes, do you think that's objectionable?" Trial counsel responded, "On principle, yes, it should be objected to." Word's counsel continued,

> Q. It was not part of your strategy to allow a police officer to bolster the credibility of the only eyewitness, was it?
> A. No.
> Q. You didn't feel that would be helpful to your client, did you?

A. If I knew that was occurring, I certainly would object. It would certainly not be part of a strategy.

On cross-examination, the State apparently asked trial counsel to review an earlier portion of the trial transcript. Asked, "So after reading the pages on the transcript that are relative to this issue, do you believe that that was bolstering of the witness?" Trial counsel responded:

From what I just read, *and I haven't read the whole transcript*, it appears that maybe the defense, Your Honor, . . . went on that line of questioning prior to this redirect examination and the door may have been opened for a response to that, which would have caused me not to object to it, since we led the defense in that line of questioning prior to the redirect.

(Emphasis supplied.) During his earlier cross-examination of the witness, trial counsel repeatedly questioned the officer about the victim's initial statement that he did not know the robber, and emphasized that the victim had failed to tell the officer the truth about the robber's identity. During recross-examination, trial counsel again emphasized that the victim was the only source for an identification of Word as the robber, and that he had initially lied to the officer. In closing argument trial counsel emphasized that the victim was untrustworthy, suggesting that his entire story to the police officers and in court was a fabrication and that he had committed the robbery himself. It is apparent that trial counsel determined, as a trial strategy, to attack the victim's credibility by pointing out that he initially lied to the investigating officer about the robber's identity.

It is also apparent that the State made efforts to rehabilitate the victim's credibility by putting forward explanations for the victim's initial failure to tell the truth. For example, the prosecutor repeatedly elicited from the victim testimony that he did not identify Word initially because in his neighborhood he could be killed for being a "snitch." The State also presented testimony from the store owner that the victim was initially afraid to tell the truth.

But in its re-direct examination of the investigating officer, the State moved beyond permissible support of the witness's veracity to the impermissible tactic of eliciting the officer's belief in the witness's truthfulness:

Q. [Trial counsel] has asked you questions about how honest you thought that [the victim] was when you got

there, and I want to follow-up on that. Did you think he told you the truth about being robbed?

A. No. I felt that he knew the individual, I just — whether — I just —

Q. Let me ask you that question again, if I may.

A. Sure.

Q. Did you think he told you the truth about being robbed?

A. Yes. I believe he was robbed.

Q. Okay. And what did you think he was not telling you the whole truth about?

A. About knowing who the suspect was.

"We have repeatedly held that a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. Given this well-settled law, trial counsel's failure to object to this clearly objectionable testimony when it first occurred constituted deficient performance." (Citations and punctuation omitted.) *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001) (failure to object to counselor's testimony that "I believed [the victim]" constituted deficient performance).

"Not objecting to testimony but instead subjecting it to cross-examination may be part of a reasonable trial strategy." (Citations and footnote omitted.) *Al-Attawy v. State*, 289 Ga. App. 570, 573 (1) (657 SE2d 552) (2008). Trial counsel testified that he had no independent recollection of the trial, and even under questioning by the State could only speculate as to possible reasons that he might have failed to object. While his proffered speculation did address his strategy for attacking the victim's credibility and his failure to object to other testimony on that topic, it could not explain his failure to object to plainly improper testimony from the investigating officer that he believed the victim was telling the truth about being robbed. Nor did trial counsel follow up on recross-examination by attacking the bolstering testimony. Compare *Al-Attawy*, supra (counsel directly attacked psychologist's bolstering testimony and witness qualified her prior testimony on cross-examination). See also *Bly v. State*, 283 Ga. 453, 459 (3) (660 SE2d 713) (2008) (distinguishing *Al-Attawy* because witness "never retreated from the bolstering testimony" and no other disinterested testimony on credibility presented at trial). We must conclude that trial counsel was deficient in failing to object to this testimony.

Having found trial counsel's performance deficient, we must

next examine the prejudice prong of the *Strickland* test. We find here a reasonable probability that the outcome of the trial would have been different but for this deficiency. The evidence was not overwhelming. The victim was the only witness who identified Word as the robber. No video of the incident was available, and no other evidence connecting Word with the crime was introduced. As noted above, the victim's credibility was very much at issue.

Word testified and insisted that he was innocent. He also presented the alibi testimony of a friend and the friend's mother who testified, although with some equivocations and lack of clarity, that Word had been at their house at the time of the robbery. During deliberations, the jury sent a note to the judge asking for details in the testimony of one of the alibi witnesses, and the court responded that "you, the jury, must recall that testimony as best you can." The jury then asked for a transcript of the testimony and was told it was not available.

Under these circumstances, we cannot conclude that the offending testimony did not affect the outcome of the trial. Word has satisfied the second prong of *Strickland*. *Mann*, supra, 252 Ga. App. at 74 (1). See also *Ward v. State*, 304 Ga. App. 517, 528 (5) (a) (696 SE2d 471) (2010) (counsel ineffective in failing to object to detective's testimony that accomplice was not truthful at first but became truthful when she implicated appellant; outcome affected because evidence not overwhelming). Reversal is required.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011.

*William J. Mason*, for appellant.
*Julie Fessenden Slater, District Attorney, Wesley A. Lambertus, Assistant District Attorney*, for appellee.