# Court of Appeals
# of the State of Georgia

ATLANTA,___March 06, 2013____

*The Court of Appeals hereby passes the following order:*

**A13D0244.  GARY HOLLOWAY v. THE STATE.**

We affirmed Gary Holloway's conviction for child molestation in *Holloway v. State*, 268 Ga. App. 300 (601 SE2d 753) (2004).  In an order entered May 10, 2012, the trial court revoked two years of Holloway's probation.  On February 8, 2013, Holloway filed this application for leave to file a discretionary appeal from the trial court's order revoking his probation.  We lack jurisdiction.

To be valid, an application for discretionary appeal must be filed within 30 days of the entry of the order to be appealed.  OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  Holloway filed this application 274 days after entry of the revocation order.

In his application, Holloway asks this Court to excuse his failure to timely file this application and grant him an out-of-time discretionary appeal.  "Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal." *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011).  See *In the Interest of S. M. B.*, __ Ga. App. __, __ (735 SE2d 122, 124) (2012) ("an *appellate* court may, at its discretion, permit an out-of-time discretionary appeal where a constitutional right is at stake").

Holloway claims that his counsel did not inform him of his appellate rights and he did not know of those rights, and, therefore, he is entitled to relief.  Setting aside whether we may consider, without more, Holloway's unsupported assertion that his trial counsel was ineffective, Holloway "did not have the right to file a direct appeal in this case, and so no out-of-time appeal is available on ineffective assistance grounds." *In the Interest of S. M. B.*, __ Ga. App. ___ (735 SE2d 122, 124) (2012).

*Kreps v. Gray*, 234 Ga. 745 (218 SE2d 1) (1975), relied on by Holloway, is distinguishable in that it does not address a claim of ineffective assistance in the context of a discretionary appeal. Accordingly, Holloway does not show that we may excuse his failure to timely file this application as required by statute in order to avoid or remedy a constitutional violation. *Gable*, supra, 290 Ga. at 85 (2) (b).

For the foregoing reasons, Holloway's application is DISMISSED as untimely.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/06/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*